```
UNITED STATES DISTRICT COURT
  MIDDLE DISTRICT OF TENNESSEE
       NASHVILLE DIVISION
```

CHRISTINA GRUMMONS and       )
JAMES GRUMMONS,              )
                             )
        Plaintiffs           )
                             )    No. 3:13-1076
v.                           )    Judge Campbell/Bryant
                             )    **Jury Demand**
WILLIAMSON COUNTY BOARD      )
OF EDUCATION,                )
                             )
        Defendant            )

## **M E M O R A N D U M**

Pending in this case is Defendant Williamson County Board of Education's ("WCBOE") Motion for Protective Order (Docket Entry No. 11), to which Plaintiffs have responded in opposition (Docket Entry No. 13). The parties also have filed a Joint Motion to Ascertain Status of the above-referenced motion (Docket Entry No. 18).

For the reasons stated below, Defendant's Motion for Protective Order is **GRANTED** in part and **DENIED** in part, and the parties' Joint Motion to Ascertain Status is **GRANTED**.

### **STATEMENT OF THE CASE**

Plaintiffs Christina Grummons and James Grummons have filed this action alleging retaliation by Defendant under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*., the Rehabilitation Act of 1973, 29 U.S.C. §§ 794 and 794(a) and a violation of the First Amendment of the United States Constitution, pursuant to 42 U.S.C. § 1983. Specifically,

Plaintiffs allege that an agent or agents of the Defendant wrongfully reported Plaintiffs to the Department of Children's Services ("DCS") for alleged child abuse or neglect in March and in May 2013 in retaliation for Plaintiffs' challenge to Defendant's refusal to provide certain special education services to Plaintiffs' minor daughter (Docket Entry No. 1).

Defendant has filed an answer denying liability and asserting affirmative defenses (Docket Entry No. 10).

## DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Defendant has filed its motion for protective order, pursuant to Federal Rules of Civil Procedure 26(c) and 45, following the service by Plaintiffs of a subpoena seeking production of all documents relating to any investigation by DCS of Plaintiffs or their minor daughter arising from any report or complaint made by an employee of Defendant (Docket Entry No. 11-1). As grounds for its motion, WCBOE asserts that the information sought by subpoena is privileged and confidential pursuant to state law, and that state law makes it unlawful for any party to participate in or acquiesce in disclosure of the information sought. Specifically, Defendant argues that Tennessee Code Annotated § 37-1-409 explicitly states that the information sought by the subject subpoena is confidential and may not be disclosed by any person except for the limited purposes listed in the statute, none of which applies here. Moreover, Defendant states that under

Tennessee law a violation of this statute requiring confidentiality has been declared a Class B misdemeanor. Tenn. Code Ann. § 37-1-409 (g). Defendant further argues that Tennessee courts have interpreted the state statutes referenced above to grant expansive rights to limit disclosure of records and information related to DCS investigations. *Canaday v. Tolliver*, 1994 WL 312869 (Tenn. Ct. App. July 1, 1994); *American First Mortgage Corp. v. Lajoie*, 1994 WL 666900 (Tenn. Ct. App. Nov. 30, 1994). Defendant further argues that, pursuant to Federal Rule of Evidence 501, the Court should balance the state's interest in confidentiality and the chilling effect of disclosure against Plaintiffs' interest in disclosure and find that a protective order requiring confidentiality is justified.

Plaintiffs, in response, argue that the confidentiality provisions of Tenn. Code Ann. § 37-2-409 should not be used as a shield from liability for retaliation under the ADA, the Rehabilitation Act, or constitutional violations alleged pursuant to 42 U.S.C. §1983. In particular, Plaintiffs argue that withholding the identity of the person or persons who made reports to DCS is particularly inappropriate, and that the so-called "state law privilege" is generally disfavored when applied to federal claims. Plaintiffs maintain that any protective order entered in this action should, at most, restrict use of information produced

by DCS to this action, but should not prohibit disclosure to the parties.

## ANALYSIS

Rules 26(b)(1) of the Federal Rules of Civil Procedure provides in pertinent part that parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense, and that relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

The Sixth Circuit has held that a school official's report of parental child abuse and the resulting DCS investigation would "chill a person of ordinary firmness" and is therefore sufficiently "adverse" to support a claim of retaliation under the ADA and the Rehabilitation Act. *A.C. v. Shelby Cty. Bd. of Educ.*, 711 F.3d 687, 698 (6th Cir. 2013) (citing *Jenkins v. Rock Hill Local Sch. Dist.*, 513 F.3d 580, 588-89 (6th Cir. 2008)). Thus, evidence related to a report of child abuse or neglect in a case alleging retaliation would clearly be relevant, and therefore discoverable, pursuant to Rule 26.

However, Tennessee Code Annotated § 37-1-409(b), which pertains to reports and investigations of child abuse or neglect, provides as follows:

> (b) Except as otherwise provided in this part, it is unlawful for any person, except for purposes directly connected with the administration of this part, to disclose, receive, make use of, authorize or knowingly

4

> permit, participate in, or acquiesce in the use of any list or the name of, or any information concerning, persons receiving services pursuant to this part, or any information concerning a report or investigation of a report of harm under this part, directly or indirectly derived from the records, papers, files or communications of the department [DCS] or divisions thereof acquired in the course of the performance of official duties.

In addition, subsection (d) of the same section states as follows:

> (d) The department may confirm whether a child abuse or neglect investigation has been commenced, but may not divulge, except as permitted under this part, any details about the case, including, but not limited to, the name of the reporter, the alleged victim, or the alleged perpetrator.

Defendant's motion for protective order presents the issue whether confidentiality provisions contained in state law protect information that otherwise would clearly be discoverable under provisions of the Federal Rules of Civil Procedure. In the case of *Farley v. Farley*, 952 F. Supp. 1232 (M.D. Tenn. 1997), this Court considered this issue in a case presenting somewhat dissimilar facts. In *Farley*, Ms. Farley alleged that her former husband had conspired with agents of the Tennessee Department of Human Services (now DCS) to remove two of her children from her home and her custody based upon false allegations of abuse. Ms. Farley alleged wrongdoing both by her former husband and by DCS employees involved in the underlying investigation. DCS in that action apparently had provided in discovery redacted records of the DCS investigation but defendants sought a protective order to prohibit plaintiff's disclosure of DCS investigation records to other potential

5

witnesses in the course of preparing her case for trial. *Farley*, 952 F. Supp. at 1234.

The *Farley* court first considered the extent to which a state law privilege applies in federal court. Applying Rule 501 of the Federal Rules of Evidence, the court found that there is no constitutional inhibition to the abrogation of privileges arising under state law when a matter is heard in a federal court, and that this is particularly true when the civil action arises under federal law rather than under state law. *Farley*, 952 F. Supp. at 1235-36. The district court further found that in federal civil rights actions, most courts that have considered the issue of state privileges have concluded that the state law must yield to the federal interest in full disclosure of all facts bearing upon the denial of federally-guaranteed rights. *Farley*, 952 F. Supp. at 1236 (citing *King v. Conde*, 121 F.R.D. 180, 187-88 (E.D. N.Y. 1988) and *Unger v. Cohen*, 125 F.R.D. 67, 69 (S.D. N.Y. 1989)). The court further found that only particularly strong state policies justify the withholding of evidence in federal civil rights actions.

The court found that the public policies of the state of Tennessee embodied in Tenn. Code Ann. § 37-1-409 – "that the privacy of families afflicted by child abuse should be protected and that identity of those who report child abuse should remain confidential" – certainly meet this threshold showing of "particularly strong state policies." *Id*. The district court in

*Farley* noted that, particularly where the state interest served by its privilege doctrine is compelling, the federal court presiding over discovery disputes is obligated to undertake a close analysis of competing state and federal law objectives "to insure vindication of the paramount federal interest with as minimal an intrusion on the state interests as is consistent with [a] federal claim." *Farley*, 952 F. Supp. at 1237 (citing *Van Emrik v. Shemung Cty Dept. of Social Services*, 121 F.R.D. 22, 25 (W.D. N.Y. 1988)).

Following a thorough weighing of federal interests in disclosure, on one hand, against the chilling effect upon reports of child abuse and possible interference with important governmental processes, on the other hand, the district court found that "the statutory and administrative scheme under Tennessee law insuring only limited disclosure of child abuse files must yield to a supervening interest in their production and use in federal civil rights actions." *Farley*, 952 F. Supp. at 1242. In particular, the court found that "[t]he confidentiality granted child abuse records under Tennessee law may not be invoked as a shield with which to block scrutiny of governmental practices. The federal courts have repeatedly held that the interest in insuring governmental compliance with federally-guaranteed civil rights is paramount to the state interests in confidentiality." *Farley*, 952 F. Supp. at 1240 (citing *ACLU of Mississippi, Inc. v. Finch*, 638 F.2d 1336, 1343-44) (5th Cir. 1981)).

The undersigned Magistrate Judge finds the foregoing analysis and conclusion to be applicable to this case, and that in an action alleging violation of constitutional rights by an employee or agent of a governmental agency, the state interests in confidentiality of child abuse or neglect investigations must yield to the federal interests in securing evidence in federal civil rights litigation. Nevertheless, the undersigned Magistrate Judge finds that the subject information is entitled to protection limiting its use to this litigation and its dissemination to persons having a good faith need to know. For the reasons stated above, the undersigned Magistrate Judge **GRANTS** in part and **DENIES** in part Defendant's motion for protective order (Docket Entry No. 11). A protective order consistent with this Memorandum shall enter.

It is so **ORDERED**.

/s/  John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge